Luis GUILLEN–GARCIA, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 94–2559.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1995.

Decided July 17, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied
Aug. 16, 1995.

Elpidio Villarreal, John C. Koski (argued),
Sonnenschein, Nath & Rosenthal, Chicago,
IL, for petitioner.

Lauri S. Filppu, Dept. of Justice, Office of Immigration Litigation, Washington, DC, A.D. Moyer, Samuel Der–Yeghiayan, I.N.S., James B. Burns, Office of U.S. Atty., Chicago, IL, William J. Howard, Robert Kendall, Jr., David M. McConnell, Calvin M. Lederer (argued), U.S. Dept. of Justice, Civ. Div. Immigration Litigation; Washington, DC, for respondent.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Luis Guillen–Garcia has been denied a discretionary waiver of deportation by the Board of Immigration Appeals ("Board" or "BIA"). He seeks review of that decision before this court. This case is before us for the second time. In our previous review, we determined that the Board had failed to consider adequately "all the circumstances surrounding Mr. Guillen's efforts to demonstrate rehabilitation." *Guillen–Garcia v. INS*, 999 F.2d 199, 205 (7th Cir.1993). We remanded the case with the direction that the BIA assess the matter of rehabilitation on the basis of *all* the relevant evidence. On remand, the BIA again denied Mr. Guillen's application for a waiver of his deportation and ordered him deported. Mr. Guillen, claiming that the Board refused to consider all the evidence, petitions this court once more to review and to overturn the BIA decision. For the reasons explained in the following opinion, we affirm the decision of the BIA.

## I

## BACKGROUND

Mr. Guillen is a native of Mexico who has resided in the United States since the age of fourteen as a lawful permanent resident. He is married to a United States citizen and has five children, all of whom are United States citizens. As we explained in detail in our earlier opinion, *see* 999 F.2d at 201–02, Mr. Guillen was convicted, on two occasions, of serious criminal offenses involving the use of a gun. First, following an indictment, which included the charge of attempted murder, Mr. Guillen pled guilty in 1974 to three counts of aggravated battery and received a five-year probationary sentence. While still on probation, he was arrested for attempted murder; he was tried, convicted, and sentenced to ten years of imprisonment. Mr. Guillen satisfactorily served his sentence and parole and was discharged from supervision in 1989.

In 1984, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging him with deportability under section 241(a)(4) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(4) (1988), as an alien convicted after entry of two crimes involving moral turpitude.[1] Mr. Guillen conceded deportability, but requested a waiver of inadmissibility. He applied for discretionary relief under section 212(c) of the Act.[2] Mr. Guillen based his request for

1. Section 241(a)(4) of the Act, recodified at 8 U.S.C. § 1251(a)(2)(A)(ii), in relevant part provides:

   Any alien ... in the United States shall, upon the order of the Attorney General, be deported if the alien is within one or more of the following classes of deportable aliens:
   *    *    *    *    *    *
   Any alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

2. Section 212(c) of the Act, codified at 8 U.S.C. § 1182(c), provides:

   Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years. Section 212(c) also applies to lawful permanent residents facing deportation who have not left the United States but meet the seven-year requirement. *Castellon–Contreras v. INS*, 45 F.3d 149, 151 n. 2 (7th Cir.1995); *Cortes–Castillo v. INS*, 997 F.2d 1199, 1202 (7th Cir.1993).

relief on his rehabilitation (earning diplomas in welding and auto mechanics, studying the Bible during his time in prison; working hard and consistently to provide for his family and continuing Bible study since his release from prison), his close family ties, and his innocence of the crimes for which he had been convicted.[3] *See* 999 F.2d at 201–02. The immigration judge found that Mr. Guillen was deportable, but granted his request for a section 212(c) waiver of inadmissibility on the basis that the positive factors associated with his application, including credible evidence of rehabilitation, out-weighed the negative factors. Nevertheless, the BIA overturned the immigration judge's ruling and denied the waiver application. It concluded that the petitioner's refusal to acknowledge guilt for his crimes was a clear indication that he was not rehabilitated. Mr. Guillen then sought our review of the BIA decision.

After reviewing the Board's decision, we remanded the case to the BIA.[4] 999 F.2d at 205. We noted that rehabilitation is an important factor in the decision to grant section 212(c) relief and that, ordinarily, it is a factor that must be established before relief can be granted. We also recognized, however, that it is not an absolute prerequisite to relief. Similarly, we noted that, in determining whether an applicant is rehabilitated, acknowledgement of culpability is an important, although not an exclusive, factor to consider. We directed the Board to reconsider and to clarify its determination that Mr. Guillen had not been rehabilitated. "This determination must be made on the basis of all relevant evidence, not merely his refusal to admit guilt." *Id.* Nonetheless, we

recognized that this court does not "have authority to determine the weight that the BIA should afford to the factors in favor of granting a section 212(c) petition." *Id.*

On remand the Board reconsidered its earlier decision. *See* BIA Order of June 17, 1994, Admin.R. at 2. Concerning its method for assessing whether a showing of rehabilitation was present, the BIA explained that it had relied solely on the evidence presented during the course of the proceedings, and necessarily had made a "judgment call" in predicting the petitioner's future conduct. Admin.R. at 3 (quoting *Guillen–Garcia,* 999 F.2d at 205). The BIA also stated that it did not intend to treat the acknowledgment of culpability as the only relevant factor to be used in determining whether an alien ought to be granted discretionary relief. Nevertheless, the BIA stressed, "the admission of guilt can be an important step to a positive showing of reformation." *Id.* The Board then evaluated Mr. Guillen's rehabilitation:

In the present case, we assess the respondent's continued employment, his statements regarding deep family concerns, compliance with his probation requirements, his classes while imprisoned, and his refusal to acknowledge guilt for his 1974 conviction for two counts of aggravated battery and his 1984 conviction for attempted murder. *When we add the respondent's denial of culpability for the two counts forming his conviction in 1974 and his denial of culpability for his conviction in 1984, these denials undermine the evidence of reformation proffered by him;* i.e., his statements regarding deep family concerns, his compliance with his probation requirements, his conduct while confined

3. With respect to his first conviction, Mr. Guillen testified at the waiver hearing that a distant cousin had put a gun in his hand, after firing it, and that the police officer had then arrested him. He stated that he had pleaded guilty to aggravated battery charges in order to receive probation. Concerning the circumstances underlying his second conviction, he testified that he had been shot when he tried to pass by a group of men fighting in the street, and after he woke up in the hospital he learned that he was accused of attempted murder. *See* 999 F.2d at 201.

4. Concerning the level of review accorded to a final order of deportation, we stated:

The decision to grant section 212(c) relief is discretionary, and our review is accordingly "limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." Under this standard, we shall reverse a discretionary determination by the BIA only if it "was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis. . . ." *Guillen–Garcia,* 999 F.2d at 203 (quoting *Cordoba–Chaves v. INS,* 946 F.2d 1244, 1246 (7th Cir. 1991)). We follow that same standard in this successive appeal.

including the classes he took, and his continued employment. While the passage of 6 years has occurred between the date of his release from confinement after his last conviction and the last occasion in which the respondent has provided evidence to us (his April 1992 motion to supplement the record), the crucible of time is not overly significant in this particular case since more than 6 years passed between the dates of the commission of the respondent's criminal offenses. As the respondent testified, he had not completed his probation for his aggravated battery offenses when he was arrested for his attempted murder offense (Tr. at 21–22). Taking these factors together, we conclude that the respondent has not demonstrated reliable evidence of his rehabilitation such that we would consider rehabilitation as an additional equity in his favor.

Admin.R. at 3–4 (emphasis added). The Board concluded that rehabilitation could not be considered a favorable factor for Mr. Guillen because he did not present sufficient evidence of rehabilitation. The Board then "weigh[ed] the outstanding equities[,] as discussed in our original decision and incorporated here, against the adverse factors." Order at 3. On that basis, the Board denied Mr. Guillen's application for waiver of inadmissibility:

> In the exercise of our discretion, we conclude that the very serious nature of the respondent's convictions, particularly his conviction for attempted murder[,] outweigh the equities presented by him such that it is not in the best interest of this country to grant the respondent's application for a waiver of inadmissibility under section 212(c) of the Act.

Admin.R. at 4. The petitioner then timely appealed the BIA determination to this court.

## II

## DISCUSSION

Mr. Guillen submits that the BIA abused its discretion in two ways. We shall address each in turn.

### A.

Mr. Guillen first asserts that the Board's decision on remand failed to abide by this court's direction that Mr. Guillen's rehabilitation be assessed "on the basis of all relevant evidence, not merely his refusal to admit guilt." 999 F.2d at 205. He characterizes the Board's response to our mandate as a cursory three-page decision that lacks careful deliberation concerning Mr. Guillen's efforts toward rehabilitation or serious consideration of this court's ruling. It failed to mention, he contends, the immigration judge's findings concerning Mr. Guillen's sincere demeanor and his conclusion that Mr. Guillen was rehabilitated. The petitioner submits that the evidence of record shows that he clearly is a man who has been rehabilitated and is entitled to relief from deportation. He submits that he has admitted that he was convicted of two criminal offenses, has accepted his punishment, and has conceded deportability based on those convictions. Therefore, he continues, the only negative factor in the Board's rehabilitation determination is his failure to admit his guilt of the crimes for which he was convicted. According to Mr. Guillen, his belief in his own innocence in no way undermines the overwhelming evidence of reformation that he proffered to the immigration judge. In Mr. Guillen's view, therefore, the BIA improperly continued to consider his assertion of innocence as the exclusive relevant factor in its analysis of rehabilitation. The Board's failure to consider and to address in a meaningful way all of the factors regarding rehabilitation, in direct contravention to this court's order, was, he submits, an abuse of discretion.

### 1.

In evaluating Mr. Guillen's position, we note at the outset that the parties do not dispute that the BIA, when reviewing an immigration judge's grant of discretionary relief, conducts a de novo review of the administrative record. *See* BIA Order of Aug. 13, 1992, Admin.R. at 22; *Cordoba–Chaves v. INS,* 946 F.2d 1244, 1249 (7th Cir.1991) (BIA could review entire administrative record de novo). We also point out, as a prefatory matter, that the applicant seeking a waiver of

inadmissibility has the burden of proving that he merits the waiver by showing his rehabilitation and other favorable factors. *Palmer v. INS*, 4 F.3d 482, 487 (7th Cir.1993) (stating that "the alien bears the burden of demonstrating both statutory eligibility and equities meriting favorable exercise of the Attorney General's discretion"). The Board's review must be made on the entire record. Positive factors, indicating that the petitioner deserves to remain in the United States, include his family ties in this country, his long-term residence, hardship to the family in case of deportation, military service, employment history, community service, good character, and genuine rehabilitation. In the course of its review, the Board assesses whether "indicia of rehabilitation" are present by examining independently the record before it. *See* BIA Order of June 17, 1994, at 2. Adverse factors include the reasons offered to justify deportation or exclusion, any criminal record, immigration violations, bad character, or other evidence of undesirability as a permanent resident. *Cortes–Castillo v. INS*, 997 F.2d 1199, 1202 (7th Cir.1993); *Akinyemi v. INS*, 969 F.2d 285, 288 (7th Cir.1992) (quoting factors listed in *Matter of Marin*, 16 I & N Dec. 581, 584–85 (BIA 1978)).

■■■ In contrast to the Board's plenary review of the immigration judge's ruling, our review of the BIA's denial of relief under section 212(c) is conducted under the deferential abuse of discretion standard. *See supra* note 4. We shall uphold the BIA's decision unless " 'it was made without rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis....' " *Guillen–Garcia*, 999 F.2d at 203 (quoting *Cordoba–Chaves*, 946 F.2d at 1246); *see also Cortes–Castillo*, 997 F.2d at 1203 ("The Board abuses its discretion when it fails to weigh important factors or neglects to state its reasons for denying relief."). Nevertheless, when a case returns to us for a second time after we have remanded it with explicit instructions to the

BIA, we examine with care the order of the Board to ensure that our earlier decision has been followed.[5]

## 2.

■■■ In determining the issue of rehabilitation, the Board relied on its original decision as well as its decision on remand. It determined that "the respondent has not demonstrated reliable evidence of his rehabilitation such that we would consider rehabilitation as an additional equity in his favor." Admin.R. at 4. In its first decision, the BIA had focused on the serious nature of Mr. Guillen's crimes and had concluded that Mr. Guillen's denial of his guilt was a failure to accept responsibility for his convictions, a failure which reflected a lack of rehabilitation. In the second ruling, the Board noted that the petitioner was arrested for his second offense while he was still on probation for the first conviction. This evidence, combined with Mr. Guillen's denial of culpability, undermined the other evidence of his reformation and, in the end, defeated his claim of rehabilitation as an additional equity.

"[R]ehabilitation is an important factor to be considered in exercising discretion in a case of an applicant who has a criminal record." *Groza v. INS*, 30 F.3d 814, 820 (7th Cir.1994). However, as we noted in our prior opinion, " '[r]ehabilitation is scarcely a readily determinable fact in the ordinary sense and the Board necessarily makes a judgment call, involving an estimate or prediction of an individual's future conduct.' " *Guillen–Garcia*, 999 F.2d at 205 (quoting *Palacios–Torres v. INS*, 995 F.2d 96, 99 (7th Cir.1993)). The criteria for rehabilitation are fact-specific, and the weighing of those criteria is highly discretionary. *See Guevara v. INS*, 52 F.3d 714, 715 (7th Cir.1995) (declining to determine weight to be given to each examined factor). On remand the Board did consider Mr. Guillen's conduct while in prison and after his release, and the apparent law-abiding lifestyle he has led since his time

---

5. *Cf. Greyhound Corp. v. ICC*, 668 F.2d 1354, 1358 (D.C.Cir.1981) (applying "a somewhat greater degree of scrutiny to an order that arrives at substantially the same conclusion as an order previously remanded by the same court");

*Food Mktg. Inst. v. ICC*, 587 F.2d 1285, 1290 (D.C.Cir.1978) (employing greater scrutiny after remanding to the agency "to elaborate its reasoning").

in prison. After reviewing those factors, however, the Board weighed as well the two convictions and Mr. Guillen's denial of culpability. It concluded that Mr. Guillen presented insufficient evidence of rehabilitation to justify its consideration as an additional favorable equity. As long as the BIA indicated that it considered Mr. Guillen's evidence of rehabilitation, it was not required to discuss that evidence at length.[6] It was entitled to conclude, in its discretion, that his denial of responsibility would tip the balance against a finding of rehabilitation. We shall not disturb its decision.

Turning to the ultimate question for decision—the grant of § 212(c) relief—the BIA then concluded that the adverse factors (his very serious convictions) outweighed the outstanding equities (which, as we have just noted, did not include rehabilitation). Therefore Mr. Guillen's waiver application was denied. When it weighed the favorable factors against the serious nature of Mr. Guillen's convictions, the Board obviously placed great weight on the seriousness of the offenses committed by Mr. Guillen. The seriousness of the crimes may in fact be ultimately determinative in the Board's assessment. *Akinyemi*, 969 F.2d at 288 (stating that, "in exercising its discretion, the BIA may determine that the seriousness of the offense and other negative factors outweigh even unusual or outstanding equities"); *see also Matter of Marin*, 16 I & N Dec. at 584–85.

This considered weighing of factors by the Board was not arbitrary or capricious. We cannot say that the decision of the BIA was "made without a rational explanation" or that it "inexplicably departed from established policies" or "rested on an impermissible basis." When the two opinions of the BIA are read together, it is clear that the Board properly exercised its discretion; it weighed all the factors and explained its decision. The Board had the discretion to place great

weight upon the fact that both crimes committed by Mr. Guillen involved the use of force and violence, and that the second occurred during the probationary period of the first.[7] We therefore must deny the petition and affirm the decision of the Board.

**B.**

Mr. Guillen also argues that the Board abused its discretion because it decided his case differently from a factually similar case and gave no rational explanation for the distinction. He relies upon an unpublished opinion, *In re Juan Manuel Medina–Herrera*, A10 456 079 (BIA Sept. 30, 1992). In that case, the petitioner, a long-time lawful permanent resident from Mexico, was convicted of conspiracy to distribute and to possess heroin and cocaine. At the deportation hearing he denied involvement in the drug conspiracy. The immigration judge found that the applicant's demeanor when denying guilt demonstrated a lack of remorse and rehabilitation. The Board reversed, concluding that the petitioner had established rehabilitation, and that the only adverse factor was his conviction for drug conspiracy. Mr. Guillen submits that the Board's treatment of his case and Juan Manuel's is so inconsistent as to reflect an abuse of discretion.

Mr. Guillen's reliance on *Medina–Herrera* is not helpful. Unpublished opinions of the Board of Immigration Appeals have no precedential value. *See* 8 C.F.R. § 3.1(g) (only "selected decisions designated by the Board shall serve as precedents in all proceedings involving the same issue or issues"); *Douglas v. INS*, 28 F.3d 241, 245 (2d Cir.1994). The *Medina–Herrera* decision therefore does not bind the INS or even reflect the policy of the Board; it certainly is not a decision from which the Board "inexplicably departed" when deciding Mr. Guillen's case. Even if Mr. Guillen could rely on

---

6. *See Groza*, 30 F.3d at 820 (stating that the Board is not required to mention every piece of rehabilitation evidence submitted, but must show it heard and considered that evidence); *Osuchukwu v. INS*, 744 F.2d 1136, 1142–43 (5th Cir.1984) (stating that Board "has no duty to write an exegesis on every contention," but need only "consider the issues raised … in terms sufficient to enable a reviewing court to perceive

that it has heard and thought and not merely reacted").

7. *Cf. Palmer*, 4 F.3d at 489 (noting that the BIA determines the relative significance of a conviction, and need not share the petitioner's perspective on the events that resulted in a guilty plea).

*Medina–Herrera,* however, the facts of that case are sufficiently distinguishable from the ones before us to allow us to conclude that there was no inconsistency in the decisions.[8]

### Conclusion

For the foregoing reasons we affirm the decision of the Board and deny Mr. Guillen's petition for review.

AFFIRMED

---

**8.** In *Medina–Herrera,* the respondent had only one conviction, and his role in the conspiracy apparently involved merely answering the telephone. The immigration judge considered the respondent's portrayal of his minor role in the conspiracy to demonstrate a lack of remorse and rehabilitation; the BIA, however, found that, when it considered all of the evidence of rehabilitation presented by the respondent, the demeanor on which the immigration judge focused was not controlling. It concluded that the respondent made a favorable showing of rehabilitation.