76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Manuel CANALES-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2113.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1995.
Decided Jan. 17, 1996.
 
 Before ESCHBACH, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Manuel Canales-Lopez appeals the decision by the Board of Immigration Appeals of the Immigration and Naturalization Service (BIA) to deny his petition for waiver of deportation. Canales conceded that he was deportable because of a drug-related offense conviction in February, 1994. See 8 U.S.C. §§ 1251(a)(2)(A)(iii) (aggravated felony) and 1251(a)(2)(B)(i) (controlled substance). On appeal, he contends that the BIA abused its discretion by refusing his application for waiver of deportation.
 
 I.
 
 2
 Canales is a 37 year old native and citizen of Mexico who has been living in Dallas, Texas since 1978 when he was 18 years old. He has almost always had a job, mostly in construction, and has never claimed worker's compensation, unemployment assistance, or public assistance. He became a permanent resident in 1982 through his marriage to Reyes Villarreal. The couple had one child in 1983, Manuel Canales, and divorced several years later. Canales maintained a close relationship with his son, seeing him almost daily, and volunteered (without legal obligation) substantial amounts of money to his ex-wife as child support. Canales also has four siblings living in the United States, three in Texas and one in Illinois. Since being incarcerated, Canales has maintained ties with his son, talking to him on the phone, and writing to him. His son visited Canales in prison on one occasion, and his sister and her children visited Manuel in Texas.
 
 
 3
 Canales was arrested while driving from Texas to Chicago, Illinois. He drove with a friend, Juan Rodriguez, in a car owned by another friend, Pedro Alfaro. Canales had driven to Chicago to visit his sister before, but this was the first time he had borrowed Alfaro's car. The police stopped Canales in Illinois for speeding, searched the car, and found thirty seven pounds of marijuana in the gasoline tank. Canales was released on bond pending the disposition of his case and returned to Texas. He then came back to Illinois and pleaded guilty to cannabis trafficking. That conviction was later modified upon a motion by the state's attorney's office to possession of cannabis, and Canales was sentenced to six years imprisonment. However, upon a modification of Canales' guilty plea in July, 1994, his sentence was amended to four years imprisonment. Canales was released on furlough for two weeks before his sentence began, and then returned to begin serving his sentence.
 
 
 4
 Prior to his arrest, Canales had never used, sold, or was involved in any way with illegal drugs. He also had no other convictions in the United States. In prison, he has had no disciplinary tickets, attends school three hours per day from Monday to Friday, participates in running races, practices music, and joined a narcotics anonymous group to keep busy and because he considered it worthwhile.
 
 
 5
 The INS sought to deport Canales based on his state court conviction. Canales admitted that he was deportable but requested waiver under § 212. He testified at the Immigration Hearing that his deportation would cause a hardship on himself and his son, and cited strong factors in favor of waiver. Canales also explained that he pleaded guilty upon the advice of counsel even though he did not know that there was marijuana in the gasoline tank in order to avoid a long term of imprisonment.[1] The Immigration Judge (IJ) denied Canales' request for waiver, and Canales appealed to the BIA.
 
 
 6
 The BIA reviewed the IJ's determination de novo, see Guillen-Garcia v. Immigration and Naturalization Service, 60 F.3d 340, 343 (7th Cir.1995) (Guillen-Garcia II), and affirmed. The BIA first concluded that Canales had demonstrated outstanding equities which would merit waiver: he had close familial relations within the United States, he pays child support, has a strong employment history, and demonstrated strong evidence of rehabilitation. However, the BIA refused waiver because it was "troubled by [Canales'] inability to acknowledge guilt for the offense." Canales now appeals.
 
 II.
 
 7
 The grant or denial of a § 212(c) waiver lies within the BIA's discretion and our review of its decisions is "limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." Akinyemi v. INS, 969 F.2d 285, 288 (7th Cir.1992). The BIA must "engage in a careful, individualized review of the evidence," and must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Cortes-Castillo v. I.N.S., 997 F.2d 1199, 1203 (7th Cir.1993); see also Henry v. INS, 8 F.3d 426, 432 (7th Cir.1993). It abuses its discretion if it fails to weigh important factors or neglects to state its reasons for denying relief. Cortes-Castillo, 997 F.2d at 1203.
 
 
 8
 In exercising its discretion under § 212(c), the BIA must balance "the social and humane considerations in the alien's favor against any adverse factors that demonstrate his or her undesirability as a permanent resident in the United States." Henry, 8 F.3d at 432. Factors favoring relief include: family ties within the United States, length of residence in this country, evidence of hardship to the respondent and family if deportation occurs, a history of employment, property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. Matter of Marin, 16 I & N Dec. 581 (BIA1978). Adverse factors include the nature and underlying circumstances of the exclusion ground at issue, any additional significant violations of this country's immigration laws, the nature, recency, and seriousness of a criminal record, and any other evidence of an alien's bad character or undesirability as a permanent resident. Marin, 16 I & N Dec. at 584-85.
 
 
 9
 The BIA properly rejected Canales' testimony regarding his lack of knowledge of the marijuana in the gasoline tank. Neither the IJ nor the BIA may consider evidence raised during a deportation hearing that attempts to collaterally attack an otherwise valid state court conviction. Palmer v. I.N.S., 4 F.3d 482 (7th Cir.1993). Moreover, the IJ and BIA may not look beyond the judicial record to determine the ultimate guilt or innocence of the alien. Id.; see also Matter of Roberts, I. & N. Dec. ----, Interim Dec. 3148, 1991 WL 353515 (BIA1991). The BIA thus was unable to consider the truth of Canales' testimony, and because Canales' testimony did not present mitigating circumstances regarding Canales' crime but related to his actual innocence, it had no choice but to discredit Canales' testimony.
 
 
 10
 However, the mere fact that Canales' testimony was not credible cannot be the sole basis for denial of waiver. Guillen-Garcia v. INS, 999 F.3d 199, 205 (7th Cir.1993) (Guillen-Garcia I). In Guillen-Garcia I, the petitioner, who had several convictions for violent felonies, presented evidence of outstanding equities to merit waiver. Nonetheless, the BIA denied waiver because the petitioner testified that he was innocent of the crimes for which he was convicted and had pleaded guilty on the advice of counsel in order to receive a lighter sentence. We vacated the BIA's denial of waiver because the BIA improperly "relied exclusively on [the petitioner's] refusal to acknowledge guilt regarding his convictions. Exclusive reliance on this one factor does not constitute adequate consideration of all of the circumstances surrounding [the petitioner's] efforts to demonstrate rehabilitation." Guillen-Garcia I, 999 F.2d at 205; see also Guillen Garcia II, 60 F.3d at 344-45 (affirming appeal after remand).
 
 
 11
 Guillen-Garcia I is applicable and determinative in this case. The I.N.S. argues that the BIA's denial of Canales's application is based on the BIA's finding that Canales's testimony regarding his conviction lacked credibility. The BIA Decision makes clear, however, that this argument is just another way of saying that Canales refused to acknowledge guilt; it is not a separate factor that weighs against his unusual and outstanding equities. That the BIA's opinion did not frame the issue as one of credibility is further evidence that "credibility" was a euphemism for "failure to acknowledge guilt." The BIA Decision simply stated that "we remain troubled by the respondent's inability to acknowledge guilt for the offense." BIA Decision at 3. The IJ's reaction to Canales's petition is additional evidence that the sole issue was whether Canales acknowledged guilt. The BIA Decision stated that the IJ "noted that the respondent's inability to acknowledge guilt for his crime diminished his otherwise impressive evidence of rehabilitation." BIA Decision at 2 (emphasis added).
 
 
 12
 Here, the Board based its denial of waiver on Canales' refusal to acknowledge his guilt: he testified that he did not know that there was marijuana in the gasoline tank, he moved to modify, not vacate, his guilty plea, and he joined a narcotics anonymous group in prison. The Board considered these latter two acts as inconsistent with the actions of an innocent man. Nonetheless, the tenor of the BIA's opinion demonstrates that the overriding concern was Canales' testimony at the immigration hearing. A petitioner's denial of guilt before the IJ may be a factor to be considered by the BIA under Marin in exercising its discretion to grant waiver, but it cannot be the overriding concern.
 
 
 13
 In a related point, we note with concern that the BIA never addressed the standard against which it judged Canales. Particularly serious adverse factors, such as a conviction for drug trafficking or the sale of drugs, may require a heightened showing of unusual or outstanding equities. Espinoza v. INS, 991 F.2d 1294, 1297 (7th Cir.1993). There is no set rule on whether a particular crime is serious. Rather, one must examine the gravity of the offense per se. Matter of Buscemi, 19 I & N Dec. 628, 633 (BIA 1988). To determine whether a state court drug conviction should be considered a "drug trafficking crime," and thus an aggravated felony, one must look to analogous offenses under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. In Matter of Roberts, I. & N. Dec. ----, Interim Dec. 3148, 1991 WL 353515 (BIA1991). The Controlled Substances Act lists as drug trafficking offenses possession with intent to manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841. A separate penalty is listed for simple possession. 21 U.S.C. § 844. Because Illinois distinguishes possession with intent to distribute cannabis from cannabis trafficking, Canales' state crime of possession with intent to deliver does not fit neatly into the federal system but falls in between the two federal penalties. Compare Ill.Rev.Stat. ch. 720, para. 550/5 (Smith-Hurd 1995) (possession with intent to deliver cannabis) and Ill.Rev.Stat. ch. 720, para. 550/5.1 (Smith-Hurd 1995) (cannabis trafficking).
 
 
 14
 We therefore are troubled by the BIA's failure to address the standard by which it judged Canales. The BIA found that Canales' crime was serious and that Canales had demonstrated outstanding equities to merit waiver. However, it found Canales' equitable factors were insufficient to grant waiver in light of Canales' refusal to acknowledge his guilt. If Canales faced a lower standard of demonstration, then perhaps Canales' denial of his guilt would not loom so large in the Board's consideration. Nonetheless, because the BIA overemphasized Canales' testimony in violation of Guillen-Garcia I, we GRANT Canales' petition for review and REMAND for further review.
 
 
 
 [1]
 Under the original charges, he faced term of imprisonment not less than twice the minimum term and fine, but not more than twice the maximum term and fine. See Ill.Rev.Stat. ch. 720, para. 550/5.1 (Smith-Hurd 1995)