21 F.3d 422
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Alford Carington DALY, Petitioner,
v.
BOARD OF IMMIGRATION APPEALS, Respondent.
 No. 93-2011.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1994.
Decided: April 5, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A30-582-615)
 ARGUED: Konstantine John Prevas, Prevas & Prevas, Baltimore, MD, for Petitioner.
 Alexander H. Shapiro, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.
 ON BRIEF: Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Charles E. Pazar, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.
 I.N.S.
 PETITION DENIED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alford Daly (Daly) petitions for review of an order of the Board of Immigration Appeals (BIA) denying Daly's application for relief from deportation under Sec. 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. Sec. 1182(c). For the reasons set forth below, we deny the petition.
 
 
 2
 * Daly is a forty-seven year old native and citizen of Trinidad and Tobago. Daly has resided lawfully in the United States for nineteen years and suffers from paranoid schizophrenia. His parents and sister live in the same city with him, along with his former wife and his sons and daughter. Daly provides some financial support for his parents. The record reflects that Daly is a registered nurse who has worked in a nursing home and for a temporary agency. From 1983-1986, Daly was unemployed. From 1983-1987, Daly worked in an alcohol counseling program; however, he used cocaine and marijuana during this time.
 
 
 3
 Daly has also been arrested on numerous occasions. In 1976, Daly was convicted in White Plains, New York, of obstructing government administration. In 1978, he was convicted of disorderly conduct. In 1979, he was convicted of assault following a domestic dispute. In 1984, he was convicted of possession of marijuana following a domestic dispute in which his son turned him in and marijuana was found on his person. Daly contended that these "arrests resulted from his wife's physical abuse of him followed by calls to the police." (A.R. 4).
 
 
 4
 On October 29, 1987, in the Circuit Court of the City of Baltimore, Maryland, Daly was convicted of possession with intent to distribute cocaine. Daly testified that, after he had rented a room in his house to a young man, he later learned that the young man and his son were selling cocaine out of the house. Admitting that he had a cocaine habit during this time, Daly asserted that he was unable to stop the drug sales because he had been threatened once he confronted his son.
 
 
 5
 On December 9, 1987, the Immigration and Naturalization Service (INS) instituted deportation proceedings against Daly based upon his October 1987 cocaine conviction. Daly conceded deportability, but sought a waiver of deportation under Sec. 212(c).
 
 
 6
 In a written decision issued on August 29, 1989, an immigration judge (IJ) denied Daly's application for Sec. 212(c) relief. Noting that the emphasis in granting Sec. 212(c) relief is on whether the granting of a petitioner's application is in the best interest of the country, the IJ balanced the social and humane considerations presented in Daly's favor against the adverse factors evidencing his undesirability as a permanent resident. Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). After conducting this balancing, the IJ found that the substantial equities presented were insufficient to outweigh the adverse factors of conviction of recent drug offenses.
 
 
 7
 Daly appealed to the BIA. In an order dated July 19, 1993, the BIA affirmed the decision of the IJ and dismissed the appeal. In exercising its discretion not to grant Sec. 212(c) relief, the BIA separated the favorable factors above from the adverse factors evidencing undesirability as a permanent resident. The BIA pointed out that"[a]s the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." (A.R. 7) (citing Matter of Marin, 16 I. & N. Dec. at 585). Regarding the factor of rehabilitation, the BIA noted:
 
 
 8
 a clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in every case involving an applicant with a criminal record. Rather, section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion.
 
 
 9
 (A.R. 7,8).
 
 
 10
 In weighing the favorable and adverse factors, the BIA specifically found Daly's length of residence, his employment history, family ties in the United States and lack of family in Trinidad and Tobago, and potential hardship due to his paranoid schizophrenia to be unusual and outstanding equities. Pointing out that Daly blames others for his convictions, the BIA also found no significant evidence of rehabilitation. The BIA set out Daly's recent drug conviction, his alcohol and drug abuse problems, his 1984 marijuana conviction and his 1979 assault conviction as adverse factors. After balancing the favorable and unfavorable considerations, the BIA concluded that, despite the presence of some unusual and outstanding equities, Daly did not merit Sec. 212(c) relief.
 
 
 11
 Daly petitions this court for review.
 
 II
 
 12
 Pursuant to Sec. 212(c) of the INA, "[aliens] lawfully admitted for permanent [residency] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." 8 U.S.C. Sec. 1182(c). On its face, Sec. 212(c) of the INA does not apply in deportation proceedings. However, its application has been expanded to include deportable aliens who have met the seven-year requirement but have not left the country. Casalena v. INS, 984 F.2d 105, 106 n. 3 (4th Cir.1993); Cordoba-Chaves v. INS, 946 F.2d 1244, 1247 (7th Cir.1991).
 
 
 13
 The decision of whether to grant a lawful permanent resident alien such as Daly relief under Sec. 212(c) is vested" in the discretion of the Attorney General." We review for abuse of discretion. Casalena, 984 F.2d at 106. The alien has the burden of demonstrating that his application merits favorable action. Id. This court will uphold the decision of the BIA as the delegate of the Attorney General, unless it is arbitrary or capricious, without rational explanation, or departs from established policies. Id.; Espinoza v. INS, 991 F.2d 1294, 1297 (7th Cir.1993).
 
 
 14
 In exercising his discretion, the Attorney General (or the Attorney General's delegate, the BIA), balances the social and humane considerations in the alien's favor against any adverse factors that demonstrate his or her undesirability as a permanent resident in the United States. Akinyemi v. INS, 969 F.2d 285, 288 (7th Cir.1992). The statute does not specify the considerations that are pertinent to the possible exercise of the Attorney General's discretion. However, in Matter of Marin, 16 I. & N. Dec. at 581, the BIA sets forth factors for the BIA to consider in deciding whether to grant Sec. 212(c) relief. Casalena, 984 F.2d at 106, 107. Factors favoring relief include:
 
 
 15
 Family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.
 
 
 16
 Matter of Marin, 16 I. & N. Dec. at 584-85. Adverse factors include the nature and underlying circumstances of the exclusion ground at issue, any additional significant violations of this country's immigration laws, the nature, recency, and seriousness of a criminal record, and any other evidence of an alien's bad character or undesirability as a permanent resident. Id. at 584.
 
 
 17
 Under Marin, an alien like Daly, who was convicted of a controlled substance crime, is required to show "unusual or outstanding equities" before he can be favorably considered for Sec. 212(c) relief. Casalena, 984 F.2d at 107. We have also held, however, that a showing of outstanding equities does not compel relief. Rather, the BIA may, in the exercise of its discretion, "determine that the seriousness of the offense and other negative factors outweigh even unusual or outstanding equities." Id. at 107, n. 6 (citations omitted). Ordinarily, an alien with a criminal record who seeks Sec. 212(c) relief is required to demonstrate rehabilitation before relief can be granted. Hazzard v. INS, 951 F.2d 435, 439 (1st Cir.1991). It is not an absolute prerequisite to relief.
 
 
 18
 We do not require the BIA specifically to mention every relevant fact in its opinion. Id. at 107. The BIA's decision will be adequate so long as it gives "reasoned consideration to the petition," along with adequate findings. Id. (quoting Martinez v. INS, 970 F.2d 973, 976 (1st Cir.1992)).
 
 
 19
 First, Daly argues that the BIA deviated from established policies by holding that he had adverse equities which outweighed his favorable equities. We disagree. In keeping with the requirements of Casalena, the BIA gave "reasoned consideration" to the petition, and made adequate findings. The BIA's decision examined every facet of Daly's case: his mental illness, his employment history, his drug and alcohol abuse, his family relationships, his criminal record, and his often violent relationship with his former wife and their children; however, it ultimately concluded that the adverse factors outweighed the unusual and outstanding equities.
 
 
 20
 Daly also argues that the BIA in the instant case used rehabilitation as a prerequisite to relief. We find no merit in this argument. In this case, the BIA did not use rehabilitation as a prerequisite to granting relief. Rather, the BIA stated, "nor do we find any significant evidence of rehabilitation, such that it would constitute a favorable equity." (A.R. 10). Accordingly, Daly's argument that the BIA required a finding of rehabilitation before granting relief is without merit.
 
 
 21
 Finally, Daly argues that the BIA erred in finding that he had not demonstrated rehabilitation. In support, he relies on Guillen-Garcia v. INS, 999 F.2d 199 (7th Cir.1993). The Guillen case, however, fails to support Daly's argument.
 
 
 22
 In Guillen, the Seventh Circuit remanded the case to the BIA because the BIA used the alien's failure to acknowledge culpability as the "exclusive indicator" in finding no rehabilitation. Id. at 205.
 
 
 23
 The Seventh Circuit held that a determination of rehabilitation should be based on all factors, not merely a refusal to admit to guilt. The BIA in the instant case, however, did not base its finding of no rehabilitation solely on Daly's failure to take responsibility, but on multiple factors, including his long and violent criminal record and his history of drug and alcohol abuse. In any event, the Seventh Circuit recognized that the alien's failure to face responsibility is "an important aspect of rehabilitation." Id. at 205.
 
 III
 
 24
 For the reasons stated herein, we deny the petition for review.
 
 PETITION DENIED