73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Felipe SEGURA-SALINAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2403.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1995.
Decided Jan. 4, 1996.
 
 Before ESCHBACH, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Felipe Segura-Salinas was found deportable pursuant to Section 241(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA"). 8 U.S.C. Sec. 1251(a)(2)(A)(iii). Petitioner sought a waiver of inadmissibility pursuant to Section 212(c) of the INA. 8 U.S.C. Sec. 1182(c). The Immigration Judge denied relief and the Board of Immigration Appeals ("BIA") dismissed his appeal. The petitioner appealed the BIA decision.[1] We affirm.
 
 I. FACTS
 
 2
 On July 3, 1993, petitioner was involved in an altercation with two co-workers, Pasqual Solis[2] and Javier Carlos. During the altercation, he stabbed both of them with a knife, injuring Solis critically. Petitioner pled guilty to two counts of aggravated battery and was sentenced to concurrent five-year sentences. As a consequence of the conviction, the INS issued an Order to Show Cause pursuant to Section 241(a)(2)(A)(iii), which provides for the deportation of aliens who are convicted of an aggravated felony. 8 U.S.C. Sec. 1251(a)(2)(A)(iii).
 
 
 3
 At his deportation proceeding, petitioner admitted to the allegations in the Order to Show Cause and conceded deportability. (Admin.Rec. at 48, 56, 232). Petitioner maintained, however, he was entitled to a waiver of inadmissibility under Section 212(c). Section 212(c) provides, in relevant portion:
 
 
 4
 "Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.... Nothing contained in this section shall limit the authority of the Attorney General to exercise the discretion vested in him under Section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years." 8 U.S.C. Sec. 1182(c).[3]
 
 
 5
 At the hearing, it was established that the petitioner is a thirty-three year old citizen of Mexico, who entered the United States in 1975 (age 13) with his parents. Petitioner was admitted as a lawful permanent resident in June 1981, and is married and has four children (ages 8-14). Petitioner's wife is a permanent resident and his children are United States citizens. Petitioner also has an extended family in Chicago, which includes his parents and his five brothers and sisters (all of whom are permanent residents). The testimony also established that the petitioner had a steady employment record and engaged in some modest community service activities. Petitioner's wife stated that she and the children would not accompany petitioner to Mexico if he was deported. (Admin.Rec. at 143).
 
 
 6
 As to the altercation, petitioner characterized it as "a little argument." (Admin.Rec. at 88). He admitted to getting intoxicated and having a fight with Solis and Carlos and stabbing Solis twice (resulting in critical injury). (Id. at 88-89, 111, 118-119). However, petitioner denied stabbing Carlos. (Id. at 119). Petitioner's description of the altercation with Solis and Carlos was rambling and evasive. (Id. at 113-117). Petitioner classified the entire incident as stupid. (Id. at 89, 123). When asked to describe how the incident occurred, petitioner stated "sometimes you get into arguments. You don't have to ... sometimes just to defend yourself." (Id. at 123). Petitioner maintained that he pled guilty, against counsel's advice, because he feared trouble at the Cook County Jail. (Id. at 120).
 
 
 7
 Petitioner also testified that he had belonged to a street gang in his youth, used marijuana on a weekly basis (pre-incarceration), and drank regularly (pre-incarceration). (Id. at 92-93, 112, 122-123). Petitioner admitted to a run in with the law for drug possession[4] and to falsely claiming to be married on his tax return. (Id. at 92-93, 99-101). Petitioner stated that he attempted to enter drug rehabilitation in prison, but that the program was too crowded. (Id. at 93-94, 98). Petitioner had no proof of any subsequent efforts to get treatment and maintained he does not have a substance abuse problem. It was not disputed that petitioner had a good prison record.
 
 
 8
 The Immigration Judge ("IJ") denied petitioner's request for a waiver of inadmissibility on January 13, 1995. ("Order"). The IJ noted that petitioner had conceded all the allegations in the Order to Show Cause and had conceded his deportability. (Order at 2.) The IJ further noted that petitioner was eligible for Section 212(c) relief, but had to prove he merited a favorable exercise of discretion. (Id.) The IJ found that the petitioner had established unusual or outstanding equities, including his long period of residence and strong family ties in the United States. (Id. at 2-4, 6). The IJ also noted petitioner's community activities. (Id. at 5). The IJ found that the negative factors included the two counts of aggravated battery, which had resulted in concurrent five-year sentences. (Id. at 5, 7). The IJ stressed the seriousness of the crimes, and the fact that one victim was critically injured. The IJ also concluded that the petitioner had not shown rehabilitation because he had not accepted full responsibility for both his crimes, had not enrolled in treatment for drug and alcohol abuse, and was equivocal regarding the causes of the crime and his remorse. (Id. at 5-9). The IJ concluded that, despite the presence of outstanding equities, the petitioner had not shown he merited the favorable exercise of discretion. (Id. at 9-10).
 
 
 9
 The BIA dismissed the appeal in a two-page order. ("BIA Decision"). The BIA adopted the decision of the IJ, and concluded that the IJ correctly determined that the petitioner had demonstrated outstanding equities. (Id. at 1-2). The BIA also noted that the two convictions were the principal factors weighing against the favorable exercise of discretion. (Id. at 2). As to rehabilitation, the BIA noted that the IJ's analysis was correct, and that petitioner had not shown he would not engage in criminal conduct in the future. (Id. at 2). The BIA concluded that, after weighing the petitioner's equities against the adverse factors, granting relief was not warranted. (Id.)
 
 On appeal, petitioner argues:
 
 10
 1. the respondent erred in balancing the equities;
 
 
 11
 2. the respondent did not consider all the relevant evidence;
 
 
 12
 3. the respondent erred in concluding petitioner had not shown rehabilitation; and
 
 
 13
 4. the respondent did not adequately explain its decision.[5]
 
 II. ANALYSIS
 
 14
 Statutory eligibility for Section 212(c) relief does not establish an entitlement to a waiver of deportation. Groza v. INS, 30 F.3d 814, 818 (7th Cir.1994). An alien "seeking a waiver of inadmissibility has the burden of proving that he merits the waiver by showing his rehabilitation and other favorable factors." Guillen-Garcia, 60 F.3d at 343-44. See Dashto v. INS, 59 F.3d 697, 702 (7th Cir.1995).
 
 
 15
 In evaluating a Section 212(c) application, the BIA must balance the social and humane considerations supporting the alien's petition against the adverse factors that counsel against granting relief. Dashto, 59 F.3d at 702. The factors favorable to the alien that the BIA will consider include: family ties within the United States; lengthy residence in the United States (especially if from a young age); hardship to the alien and his family in the event of deportation; service in the armed forces; gainful employment; ownership of property or other business ties; contributions to the community; evidence of rehabilitation and good character. Id. at 702 n. 6. Adverse factors include the circumstances leading to deportation; additional violations of the immigration laws; the existence and nature of the alien's criminal record; and any evidence showing bad character or undesirability as a permanent resident. Id. Where serious negative factors exist, the BIA may require that the alien prove "unusual or outstanding equities" to show that relief may be warranted. Groza, 30 F.3d at 819. A single serious crime can be a sufficiently serious negative factor as to compel the alien to make the heightened showing of "unusual or outstanding" equities. Id. at 820. However, even a showing of outstanding equities does not require the BIA to waive inadmissibility; the BIA may well conclude the negative factors outweigh even outstanding equities. Guillen-Garcia v. INS, 999 F.2d 199, 203-204 (7th Cir.1993). See also Guillen-Garcia, 60 F.3d at 345. ("The seriousness of the crimes may in fact be ultimately determinative in the Board's assessment.")
 
 
 16
 The BIA's decision to grant Section 212(c) relief is discretionary, and this court's review is limited to ascertaining whether discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner. Guillen-Garcia, 999 F.2d at 203. This court will reverse the BIA only if its decision was made without a rational explanation, departed from established policies, or rested on an impermissible basis. Id. The BIA must, however, make a careful and individualized review of the evidence and prepare an opinion that enables a reviewing court to ascertain that the BIA has "reasoned and not merely reacted." Dashto, 59 F.3d at 703 (quoting Groza, 30 F.3d at 818). See also Cortes-Castillo v. INS, 997 F.2d 1199, 1203 (7th Cir.1993) (BIA abuses its discretion when it fails to weigh important factors or state reasons for denying relief). This court will not reweigh the evidence or substitute its judgment for that of the BIA. Groza, 30 F.3d at 818. Further, the BIA need not write an exegesis on each argument raised by the alien. Akinyemi v. INS, 969 F.2d 285, 289 (7th Cir.1992).
 
 
 17
 The parties do not dispute that petitioner's crimes are sufficiently serious to require "outstanding" equities or that he has established such equities. The only disputed issues are the adequacy of the BIA's review and whether the BIA properly balanced the outstanding equities with the negative factors. The issues are interrelated and will be addressed together.
 
 
 18
 As an initial matter, we note this court has approved of equally short BIA decisions which reference the IJ's decision. See Man v. INS, 69 F.3d 835, 836 (7th Cir.1995). "[A]bsent evidence to the contrary, we assume that the BIA reviewed the specific findings of the immigration judge in light of the record and agreed with them." Id. Brevity is not surprising in this case, as the underlying crimes, their severity, deportability, and the presence of outstanding equities were largely conceded. The only issues the BIA needed to resolve were whether petitioner had shown rehabilitation and the proper balance of the factors.
 
 
 19
 Petitioner first argues that the BIA did not consider all the relevant evidence, in particular:
 
 
 20
 --the hardship to petitioner's family;
 
 
 21
 --that petitioner was otherwise law abiding;
 
 
 22
 --that petitioner had a good record in prison;
 
 
 23
 --that state senator Garcia wrote on behalf of petitioner;
 
 
 24
 --and that defense counsel in the criminal action indicated petitioner pled guilty against his advice.
 
 
 25
 We first note that neither the BIA nor the IJ need exhaustively reference every piece of evidence. Further, the individual contentions lack merit. While the IJ did not specifically refer to family hardship, he did note the petitioner's strong family ties and the fact that petitioner's wife and family would not accompany him to Mexico if he was deported. (Order at 3, 5). As to the alleged lack of a significant criminal history, petitioner admitted he had a prior run in with the law for narcotics possession, regularly used marijuana, and had provided false information on his tax returns. Contrary to the petitioner's statement, the BIA did specifically note the petitioner's good record since his conviction. (BIA Decision at 2). Similarly, the BIA noted the letter from state senator Garcia and concluded that the IJ properly considered it. (BIA Decision at 2; Admin.Rec. at 66-67, 166). The lawyer's statements regarding the criminal case (Admin.Rec. at 164) are of limited significance. An alien seeking relief under Section 212(c) may not use the waiver hearings to launch a collateral attack on a judgment of conviction. Guillen-Garcia, 999 F.2d at 204.
 
 
 26
 Petitioner also argues that he adequately showed rehabilitation, given he was a model prisoner, showed adequate remorse, and sought drug treatment even though there was no evidence he had a substance abuse problem.
 
 
 27
 Rehabilitation is an important factor to be considered in the BIA's exercise of discretion. Groza, 30 F.3d at 820; Cortes-Castillo, 997 F.2d at 1203. The criteria for rehabilitation are fact-specific and the weighing of the criteria is highly discretionary. Guillen-Garcia, 60 F.3d at 344. This court has approved of the BIA considering the alien's lack of candor regarding his crimes in concluding the alien was not rehabilitated. See generally Cordoba-Chaves v. INS, 946 F.2d 1244, 1248-49 (7th Cir.1991). See also Guillen-Garcia, 999 F.2d at 205 (BIA may give "great weight to acknowledgement of guilt in assessing rehabilitation"). The BIA may also consider the alien's failure to get counseling for the problems which led to his criminal behavior. See generally Cordoba-Chaves, 946 F.2d at 1248-49. See also Dashto, 59 F.3d at 703.
 
 
 28
 The BIA did not abuse its discretion in concluding that the petitioner had not shown rehabilitation. Petitioner's rambling and evasive description of the crimes indicated a lack of candor. Further, petitioner denied the stabbing of the second victim; this refusal to acknowledge culpability was properly considered. Further, as noted by the IJ, petitioner's classification of the incident as "stupid" is not equivalent to remorse, given he expressed no concern for the victims and seemed to place the blame on his drinking and the victims' conduct. The IJ also properly concluded that petitioner had not proven such conduct would not reoccur in the future, given his limited efforts at getting counseling, refusal to acknowledge a problem,[6] and rather cavalier beliefs regarding the crime and its causes.
 
 
 29
 This was a difficult case, as petitioner has established compelling equities regarding his family and long period of residence in the United States. The record, however, indicates the BIA made a careful and individualized review of the evidence and adequately explained its decision. The BIA decision in no way departed from established policies nor rested on impermissible factors. Petitioner stabbed two individuals, injuring one critically. Both the IJ and BIA emphasized the severity of the crimes, and this court has stated the severity of the crimes may be the dispositive factor in the BIA's balancing of equities. See Guillen-Garcia, 60 F.3d at 345. Further, the BIA adequately analyzed petitioner's claims of rehabilitation and carefully considered the equities the petitioner established. In sum, the BIA did not abuse its discretion in concluding that the seriousness of the petitioner's crimes and his lack of rehabilitation outweighed his equities.
 
 III. CONCLUSION
 
 30
 The BIA did not abuse its discretion in concluding that the petitioner did not warrant a waiver of inadmissability.
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 The petitioner also has a petition for a writ of habeas corpus pending in the district court
 
 
 [2]
 There are various spellings of Mr. Solis' name in the record. "Solis" is apparently correct
 
 
 [3]
 This court has held that Section 212(c) also applies to lawful permanent residents facing deportation who have not left the United States but meet the seven-year requirement. Guillen-Garcia v. INS, 60 F.3d 340, 341 n. 2 (7th Cir.1995)
 
 
 [4]
 Petitioner was vague as to the specifics of the incident. Apparently it was handled via counseling rather than more formal proceedings
 
 
 [5]
 Petitioner was released from the state prison on August 23, 1995, and he is currently in the respondent's custody
 
 
 [6]
 Petitioner's argument that there is no evidence in the record indicating a substance abuse problem is specious. Petitioner admitted to regularly using marijuana and alcohol and to stabbing someone while intoxicated. The IJ and BIA could reasonably conclude that there was a substance abuse problem. Cf. Dashto, 59 F.3d at 703