# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1197

_____

Salvador Estrada-Dominguez,           *
                                           *
           Petitioner,             *
                                           *
       v.                        *    Appeal from an Order
                                           *    of the Board of
Alberto Gonzales, United States        *    Immigration Appeals.
Attorney General; Michael Chertoff,   *    [UNPUBLISHED]
Secretary, Department of Homeland   *
Security,                                *
                                           *
           Respondents.           *

_____

Submitted: February 15, 2007
Filed: February 23, 2007

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Petitioner, Salvador Estrada-Dominguez, entered the United States without inspection in 1989. He was subsequently placed in removal proceedings pursuant to 8 U.S.C. § 1229a for being present in the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner conceded removability and applied for relief through cancellation of removal under 8 U.S.C. § 1229b(b).

The Immigration Judge found that petitioner was ineligible for cancellation of removal because of his conviction in an Iowa state court of a crime of moral turpitude.

The Board of Immigration Appeals adopted and affirmed the Immigration Judge's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4).

Petitioner contends that because his state conviction was obtained in violation of his right to due process of law, namely, the denial of his right to effective assistance of counsel and the failure to provide him an interpreter, it cannot serve as the basis for the denial of his claim for cancellation of removal.

The denial of the discretionary relief of cancellation of removal does not implicate a liberty interest and thus does not give rise to a due process claim. Nativi-Gomez v. Ashcroft, 344 F.3d 805 (8th Cir. 2003); Escudero-Corona v. INS, 244 F.3d 608 (8th Cir. 2001). See also United States v. Calderon-Pera, 339 F.3d 320 (5th Cir. 2003). Moreover, an alien may not collaterally attack an otherwise valid state court conviction in immigration proceedings. See, e.g., Guillen-Garcia v. INS, 999 F.2d 199 (7th Cir. 1993).

The petition for review is denied.

_____