**Luz Maria CEBALLOS DE MONTOYA, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 09–2164.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 6, 2009.

Filed: Nov. 9, 2009.

---

2. The Government's motion for summary af- firmance of the BIA's decision is denied.

Luz Maria Ceballos De Montoya, Linden, NJ, pro se.

Kevin J. Conway, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Petitioner Luz M. Ceballos de Montoya, a native and citizen of Colombia, entered the United States in 1982 and has been a lawful permanent resident since 1990. In 1995, she was convicted, pursuant to a plea of guilty, of possession of cocaine with intent to distribute in violation of N.J. Stat. Ann. § 2C:35–5. As a result of this conviction, Ceballos is inadmissible under Immigration & Nationality Act ("INA") § 212(a)(2)(A) and § 212(a)(2)(C). *See* 8 U.S.C. § 1182(a)(2)(A), (C).[1] Because her plea of guilty and conviction predate the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Ceballos is eligible for a section 212(c) waiver of inadmissibility, 8 U.S.C. § 1182(c)(1994). *See Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). She filed the necessary application and the Immigration Judge conducted a hearing on it, at which Ceballos testified. A daughter and granddaughter also testified on her behalf at her merits hearing.

Following the merits hearing, the IJ granted relief. In his Oral Decision, the IJ first set forth the legal standards, noting that, in evaluating a section 212(c) application, the agency must "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf" to determine whether relief is in the best interests of the United States. *Matter of Marin*, 16 I. & N. Dec. 581, 584 (BIA 1978). Favorable factors include family ties within the United

---

1. Ceballos applied for admission as a returning lawful permanent resident in May of 2008 at Miami International Airport. The Department of Homeland Security (DHS) initiated removal proceedings against her on or about July 28, 2008, charging that she was inadmissible.

States, residence of long duration in this country, especially when the beginning of residence occurred at a young age, evidence of hardship to the alien and her family if removal occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, and proof of genuine rehabilitation if a criminal record exists. *Id.* at 584–85. Negative factors include additional significant violations of the immigration laws and the existence of a criminal record and its nature, recency, and seriousness. *Id.* at 584. Discretion generally will not be exercised favorably on behalf of an alien convicted of a serious criminal offense if the alien fails to come forward with evidence of unusual or outstanding countervailing equities, including proof of rehabilitation. *Matter of Roberts,* 20 I. & N. Dec. 294, 299 (BIA 1991); *Matter of Buscemi,* 19 I. & N. Dec. 628, 633 (BIA 1988).

In weighing the evidence, the IJ noted many positive equities, including that Ceballos has lived for a long time in the United States—throughout her work years—and she is now at retirement age and has several health problems. The IJ noted that she finds it necessary to rely on her children to help her, and she enjoys close relationships with them. On the negative side, Ceballos was convicted of a very serious crime. She took delivery in her home of two packages of cocaine and ultimately she pled guilty to a controlled substance offense, and was sentenced to three years probation. But, to her credit, Ceballos's conviction was almost thirteen years old, and she had been conviction-free since. The IJ credited Ceballos's testimony that she understood that the crime was very serious. Accordingly, balancing the negative and the positive, the IJ concluded that Ceballos's long tenure in the United States and her substantial family ties carried the day over the serious nature of her lone criminal conviction.

The Department of Homeland Security appealed to the Board of Immigration Appeals. Insofar as the facts were not in dispute, the Board conducted a de novo review of the IJ's discretionary decision, as permitted by 8 C.F.R. § 1003.1(d)(3)(ii). The Board agreed with the IJ that there were numerous unusual and outstanding positive factors, including that Ceballos has lived and worked in the United States for more than twenty-five years, and has had lawful status for twenty years. She has a strong emotional attachment to her two adult daughters and grandchildren, and most of her grandchildren are U.S. citizens. She had a solid employment record and only stopped working recently because of health issues. Her health issues could make the transition back to Colombia difficult. The Board also noted that Ceballos has a son living in Colombia.

The Board agreed with the IJ that the conviction for cocaine trafficking was serious, stating: "There are few crimes more exploitative than cocaine trafficking, and fewer yet that are less conducive to the good order and happiness of the community." Board Decision, at 3 (citing *Matter of Y–L–,* 23 I. & N. Dec. 270, 275–76 (A.G. 2002)). However, noting, as did the IJ, that discretion will not be exercised favorably on behalf of an alien convicted of a serious criminal offense if the alien fails to come forward with evidence of "unusual or outstanding countervailing equities, including proof of rehabilitation," *Roberts,* 20 I. & N. Dec. at 299; *Buscemi,* 19 I. & N. Dec. at 633, the Board expressed doubts about whether Ceballos was rehabilitated. Those doubts were based on Ceballos's own testimony. The Board observed that, throughout her testimony, Ceballos denied any involvement in the drug trafficking crime. Board Decision, at 3 (citing *N.T.,*

11/17/08, at 31, 52–53, 58–61). Her failure to accept responsibility was troubling to the Board in view of the evidence that supported her guilty plea (for example, a police statement which the government made use of on cross-examination).

Accordingly, the Board vacated the IJ's decision and ordered Ceballos removed to Colombia based on the charges in the Notice to Appear. The Board reasoned that: "[i]n balancing the various factors in the respondent's case, we take note of her unusual or outstanding equities," but "when we weigh these equities against the adverse factor of her very serious criminal conviction involving drug trafficking and doubts as to her rehabilitation, it is our conclusion that a favorable exercise of discretion would not be in the best interest of the United States." Board Decision, at 3. One Board Member dissented, stating: "Despite the force behind the majority's discretionary denial, the Immigration Judge made the better overall ruling and should be upheld." *Id.*

Ceballos has timely petitioned for review. She filed a motion for a stay of removal, which we granted. The Attorney General filed a motion to dismiss the petition for review for lack of subject matter jurisdiction, which is now before us, together with his brief on appeal, which reiterates the absence of jurisdiction argument. In her pro se brief on appeal, Ceballos assumes that we have jurisdiction, and relies on our precedent from before the passage of IIRIRA, including, for example, *Tipu v. Immigration & Naturalization Serv.,* 20 F.3d 580, 582 (3d Cir. 1994) (finding jurisdiction under former jurisdiction statute, 8 U.S.C. § 1105a(a)(1)), in contending that we may reverse the Board's discretionary decision if we find it to be arbitrary, irrational, or contrary to the law. *See* Appellant's Informal Brief, *Statement of Jurisdiction.*

We will grant the Attorney General's motion and dismiss the petition for review for lack of subject matter jurisdiction. Since the passage of IIRIRA, over ten years ago, the jurisdictional provision of the Immigration and Nationality Act has provided that "no court shall have jurisdiction to review ... any decision or action of the Attorney General ... the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The decision to grant or deny relief pursuant to former section 212(c) is a discretionary one. *St. Cyr,* 533 U.S. at 325, 121 S.Ct. 2271. Therefore, if Ceballos challenges only the Board's conclusion that she does not warrant the favorable exercise of discretion for relief under section 212(c), we must dismiss her petition for review for lack jurisdiction. *See Avendano–Espejo v. Dep't of Homeland Security,* 448 F.3d 503, 505–06 (2d Cir.2006) (per curiam) (agency's decision to grant or deny section 212(c) waiver constitutes discretionary decision which court of appeals lacks authority to review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)).

Ceballos contends in her brief on appeal that the Board failed to adequately weigh the equities in accordance with *Matter of Marin,* 16 I. & N. Dec. 581. She notes that, under our pre-IIRIRA precedent, we have reversed the Board when it has given insufficient consideration to certain evidence that, under *Marin,* must be adequately weighed. Her long tenure in the United States and strong family ties, she argues, constitute "unusual and outstanding equities," *Roberts,* 20 I. & N. Dec. at 299. Moreover, the Board did not adequately credit her health problems (arthritis and short—term memory loss), or take into account that she will face substantial difficulty caring for herself in Colombia. With respect to whether she showed proof

of rehabilitation, *see id.*, the Board failed to properly weigh the age of her conviction, which is now over fifteen years old, and the fact that it is highly unlikely that a 65 year-old woman with health problems will engage in drug trafficking. In short, the Board ignored substantial evidence of complete rehabilitation. Citing the Seventh Circuit's pre-IIRIRA decision in *Guillen–Garcia v. Immigration & Naturalization Serv.*, 999 F.2d 199 (7th Cir. 1993), and our pre-IIRIRA decision in *Tipu*, 20 F.3d at 580, Ceballos contends that it was improper for the Board to conclude that she was not rehabilitated simply because she refused to acknowledge guilt. "Consequently," Ceballos concludes, "this Court can make a finding that the BIA abused its discretion." (Appellant's Attached Informal Brief at unnumbered page 8.)

We conclude that the Board's determination regarding Ceballos's section 212(c) application was wholly discretionary and, therefore, beyond our jurisdiction. Section 106 of the REAL ID Act of 2005 amended the jurisdictional statute to expressly provide for jurisdiction over "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), and thus we may consider whether the Board, in exercising its discretion, violated a rule of law or a provision of the Constitution. *Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir.2005). But there is no mistaking the nature of Ceballos's "abuse of discretion" argument; she plainly does not raise a constitutional claim or question of law.

Furthermore, we see no violation of a rule of law or the Constitution in the Board's decision in Ceballos's case. The role of the Board was to consider a host of factors, which it did. The Board's role was to consider the seriousness of Ceballos's crime, and whether there was evidence of "unusual or outstanding countervailing eq-

uities, including proof of rehabilitation," *Roberts*, 20 I. & N. Dec. at 299; *Buscemi*, 19 I. & N. Dec. at 633. The Board properly considered the issue of rehabilitation, which the IJ had examined (to a lesser extent), and weighed whether or not Ceballos was rehabilitated with and against all other relevant factors in order to render an informed discretionary decision as to whether Ceballos should be permitted to stay. *See Marin*, 16 I. & N. Dec. at 584. We observe that the Board did not misrepresent the extent of Ceballos's refusal to accept responsibility, and its concern about whether Ceballos had accepted responsibility for the crime was not improper. *Cf. Guillen–Garcia*, 999 F.2d at 205 (acknowledgment of culpability is important aspect of rehabilitation but it cannot be exclusive indicator used by BIA in determining whether it should favorably exercise discretion under section 212(c)). The Board has in the past considered lack of, or doubtful rehabilitation, as a negative factor, to be weighed against the sum of other factors deemed favorable. *See Roberts*, 20 I. & N. Dec. at 302–03.

In sum, to find jurisdiction in Ceballos's case, we would have to mischaracterize either the Board's decision or her arguments. This we cannot do. Here, the Board was engaging in a recalculation of the equities in declining to grant a discretionary waiver despite the IJ's conclusion to the contrary. It was exercising its discretion by balancing the equities, including rehabilitation. We may agree with the dissenting Board member that the IJ made the better overall ruling in Ceballos's case, given her age, circumstances, and misconduct-free recent history, *see Palacios–Torres v. Immigration & Naturalization Serv.*, 995 F.2d 96, 99 (7th Cir. 1993) (to prove rehabilitation, alien must demonstrate "reformation or restoration to a way of life where future criminal conduct is unlikely"), but our agreement with the

IJ would lead inexorably to the conclusion that the Board abused its *discretion, see Tipu,* 20 F.3d at 582 (decision that is arbitrary, irrational or contrary to law is abuse of discretion), and that is precisely the determination we are not authorized to make since the passage of IIRIRA.

We will grant the Attorney General's motion and dismiss the petition for review for lack of subject matter jurisdiction.