69 F.3d 835
 Haydee Cecilia MAN, Jaime Eduardo Man, Hernan Roberto de
Icaza-Jimenez, Javier Eduardo Man, Jorge Eduardo
Man, Jaime Eduardo Man, Jr., Eric
Rodolfo de Icaza-Jimenez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3335.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 7, 1995.
Decided Nov. 7, 1995.
 
 Catherine A. Singleton, and Paul D. Gresk (argued), Johnson, Smith, Densborn, Wright & Heath, Indianapolis, IN, for Petitioners.
 Karen Fletcher Torstenson, Department of Justice, Office of Immigration Litigation, Washington, DC, Janet Reno, U.S. Atty. Gen., Washington, DC, Samuel Der-Yeghiayan, Immigration & Naturalization Service, Chicago, IL, James B. Burns, Office of the United States Attorney, Chicago, IL, William J. Howard, Robert Kendall, Jr., David M. McConnell, and April G. Dawson (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.
 Before RIPPLE, MANION, and KANNE, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 Petitioners appealed an immigration judge's order denying their applications for asylum and withholding of deportation to the Board of Immigration Appeals ("BIA"). The BIA dismissed their appeal, and they petition this court for review. Their petition poses questions of law answered by certain of our prior decisions, and we consequently deny their petition for review.
 
 
 2
 * Petitioners, who are citizens of Panama, were admitted to the United States via Miami, Florida. The named petitioner, Haydee Cecilia Man, and her husband, Jaime Eduardo Man, were admitted on December 22, 1987. Their three children and two nephews were admitted on January 12, 1987; April 13, 1987; and March 2, 1988. Petitioners sought relief from deportation by filing applications for asylum and withholding of deportation on October 2, 1989, claiming they would be persecuted should they return to Panama. Their fear of persecution was allegedly founded upon the opposition political activities of Haydee Cecilia Man and her family under the regime of General Manuel Noriega. Following a hearing, the immigration judge denied petitioners' applications for both asylum and withholding of deportation on December 7, 1989.
 
 
 3
 Petitioners appealed to the BIA on December 14, 1989, pursuant to 8 U.S.C. Secs. 1103, 1252. In its brief opposing petitioners' appeal, the Immigration and Naturalization Service ("INS") requested that the BIA take administrative notice of General Noriega's removal from power. His removal, INS argued, extinguished the basis for petitioners' fear of persecution. Counsel for petitioners claimed at oral argument before this court that this request was "buried" in the INS brief.
 
 
 4
 The BIA dismissed petitioners' appeal on July 8, 1994. In addition to affirming the immigration judge's disposition of the case, the BIA noted General Noriega's removal from Panama by United States military forces on January 3, 1990. The BIA wrote that petitioners had failed to respond to INS's assertion that "the removal of General Noriega from power eliminated the alleged basis for the [petitioners'] persecution claim." Jaime Eduardo Man, Jr., Haydee Cecilia Man's son, subsequently filed a motion to reopen under 8 C.F.R. Secs. 3.8, 103.5 (1995), on August 4, 1994.[1]
 
 
 5
 Petitioners base their petition for review primarily on the BIA's recognition of the changed political climate in Panama. First, they contend that the BIA focused only upon General Noriega's removal and failed to consider the situations facing the individual petitioners. Second, they claim that the BIA denied them the due process required by the Fifth Amendment to the Constitution by failing to provide warning that it was contemplating General Noriega's removal as a basis for its decision. Our jurisdiction to entertain this petition is conferred by 8 U.S.C. Sec. 1105a(a) and 28 U.S.C. Sec. 2342.
 
 II
 
 6
 We review a BIA decision denying application for asylum and withholding of deportation for abuse of discretion. DeSouza v. INS, 999 F.2d 1156, 1158 (7th Cir.1993). We will uphold the BIA's denial of such application "unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis...." Cordoba-Chaves v. INS, 946 F.2d 1244, 1246 (7th Cir.1991). In reviewing a BIA order, we rely "solely upon the administrative record upon which the deportation order is based," 8 U.S.C. Sec. 1105a(a)(4), and will not disturb the BIA's findings of fact if they are "supported by reasonable, substantial, and probative evidence...." Id. See also Balazoski v. INS, 932 F.2d 638, 640 (7th Cir.1991).
 
 III
 
 7
 Petitioners applied for asylum under 8 U.S.C. Sec. 1158 and withholding of deportation under 8 U.S.C. Sec. 1253(h). We first examine whether the BIA abused its discretion in dismissing the appeal of the denial of asylum. The statutory requirement for asylum claims is less rigorous than that for withholding deportation. Compare INS v. Cardoza-Fonseca, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987) (requiring asylum applicants under Sec. 1158 to show a "well-founded fear of persecution"), with INS v. Stevic, 467 U.S. 407, 413, 104 S.Ct. 2489, 2492, 81 L.Ed.2d 321 (1984) (stating that aliens seeking relief from deportation pursuant to Sec. 1253(h) must demonstrate a "clear probability" of persecution). If we find the BIA exercised proper discretion on the asylum question, then we have likewise answered the inquiry into the withholding of deportation issue. See Balazoski, 932 F.2d at 640.
 
 
 8
 The Attorney General is authorized by 8 U.S.C. Sec. 1158(a) to grant asylum if the applicant qualifies as a refugee under 8 U.S.C. Sec. 1101(a)(42)(A). A refugee is defined as:
 
 
 9
 any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion....
 
 
 10
 8 U.S.C. Sec. 1101(a)(42)(A). The well-founded fear requirement has two components. The trier of fact must find both that the applicant's fear is genuine and that a reasonable person in the applicant's situation would also fear persecution if returned to his native country. Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir.1992). We will reverse the BIA's determination of refugee status only where the evidence is so "compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 484, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).
 
 IV
 
 11
 * The petitioners have failed to identify any evidence in the record that either contradicts or counsels against the BIA's decision. They claim that the BIA's decision did not account for the actual political conditions in Panama or the individual circumstances of each petitioner. Yet the text of their brief on this point discusses the political situation in Nicaragua and concludes that because "the facts regarding military and political control in Nicaragua are far from uncontroverted," the BIA's taking of administrative notice was improper. This detour into Nicaraguan politics is (literally) misplaced and entirely inapposite to the facts of this case.
 
 
 12
 The petitioners wisely chose a different path at oral argument. They asserted that the BIA decision's brevity, culminating a three-year period of deliberation, suggests a lack of diligence in considering the petitioners' appeal. We find no support for this argument. While the decision is brief, covering less than two pages, it does not evince a disregard of the merits of the appeal. The BIA decision approvingly references the immigration judge's decision, and, absent evidence to the contrary, we assume that the BIA reviewed the specific findings of the immigration judge in light of the record and agreed with them. The length of time it took to reach the decision is unfortunate but did not prejudice the petitioners. Whatever the reason, the delay in reaching the decision is neither irrational nor an inexplicable departure from established policies. Cordoba-Chaves, 946 F.2d at 1246.
 
 B
 
 13
 Petitioners' remaining claim is that the BIA denied them due process by taking notice of the changed conditions in Panama without notifying them of its intention to do so. This claim is also without merit. Agencies may take official notice of commonly acknowledged facts, and parties must have the opportunity to rebut such notice. Kaczmarczyk v. INS, 933 F.2d 588, 593, 596 (7th Cir.), cert. denied, 502 U.S. 981, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991). In fact, the INS clearly raised this issue in its brief to the BIA and specifically requested that the BIA take notice of the changed circumstances. Petitioners had the opportunity to make a motion for leave to file a reply brief, 8 C.F.R. Sec. 3.3(c) (1995), and declined to do so. They also did not file a motion to reopen, which the BIA would have considered according to 8 C.F.R. Sec. 242.22 (1995).[2] The availability of a motion to reopen satisfies the requirements of due process with regard to officially noticed facts. Rhoa-Zamora, 971 F.2d at 34.
 
 V
 
 14
 The petitioners have not adduced evidence sufficient to even suggest that the BIA abused its discretion in dismissing their appeal. They have not identified any constitutional, statutory, or prudential requirement that administrative review boards provide expansively detailed explanations for their decisions. Nor is their due process argument of any moment. The Due Process Clause of the Fifth Amendment protects persons against federal government deprivations of "life, liberty, or property, without due process of law." U.S. CONST. amend. V. It does not hold persons harmless for not availing themselves of the procedural opportunities provided under the United States Code or the Code of Federal Regulations.
 
 
 15
 The petition for review is DENIED.
 
 
 
 [1]
 This motion, which is pending, does not affect our ability to decide this petition for review with regard to Jaime Eduardo Man, Jr. See Rhoa-Zamora v. INS, 971 F.2d 26, 33 (7th Cir.1992) (holding that filing of a motion to reopen does not affect the finality of BIA's order for purposes of appeal)
 
 
 [2]
 Jaime Eduardo Man, Jr.'s motion to reopen does not assert that the BIA denied him due process