98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ahmed BEJNA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2598.
 United States Court of Appeals, Seventh Circuit.
 Argued April 18, 1996.
Decided Oct. 1, 1996.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Avw-ulu-gnm.
 B.I.A.
 REVIEW DENIED.
 Before CUDAHY, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 After an immigration judge found Ahmed Bejna statutorily ineligible for asylum or for withholding of deportation, Bejna appealed to the Board of Immigration Appeals. The BIA affirmed the immigration judge's decision, and Bejna has now filed a petition for review of that affirmance, pursuant to 8 U.S.C. § 1105a(a). Finding the immigration judge's decision to be supported by substantial evidence, we deny the petition for review.
 
 I. HISTORY
 
 2
 Bejna, an ethnic Albanian, is a citizen of the Former Yugoslavia Republic of Macedonia. In December 1992, Bejna came to the United States to visit his brother, and he entered the country on a three-month tourist visa as a nonimmigrant visitor for pleasure. On February 11, 1993, prior to the expiration of his visa, Bejna filed an application for asylum with the Immigration and Naturalization Service.
 
 
 3
 A year later, after the application was processed and Bejna had the opportunity for an interview with an INS asylum officer, Bejna's request for asylum was denied. Pursuant to 8 U.S.C. § 1251(a)(1), an order to show cause was issued on February 17, 1994, charging Bejna with deportability as an overstay. Bejna received a continuance to obtain legal counsel, and he then submitted a renewed application for asylum together with supporting documentation.
 
 
 4
 On November 22, 1994, Bejna appeared with counsel at a hearing before an immigration judge. At the hearing, Bejna conceded deportability, but requested asylum under 8 U.S.C. § 1158(a), withholding of departure under 8 U.S.C. § 1253(h), or, in the alternative, voluntary departure. After the hearing, the immigration judge delivered a strongly worded oral opinion finding that Bejna's testimony in support of his proffered reasons for requested asylum lacked credibility. The immigration judge stated that Bejna's testimony changed from one moment to the next, was internally inconsistent, and conflicted with his own supporting documentation, and the judge even went so far as to label Bejna's application for asylum frivolous and to imply that some of Bejna's supporting documents might have been fabricated. Based on the incredibility of Bejna's testimony and the fact that the credible evidence which Bejna did present did not depict persecution nor support a well-founded fear of persecution, the immigration judge determined that Bejna was statutorily ineligible for asylum or for withholding of deportation. The judge did, however, grant Bejna the privilege of thirty days for voluntary departure.
 
 
 5
 Bejna appealed to the Board of Immigration Appeals, which on June 8, 1995, summarily affirmed the immigration judge's decision. On July 6, 1995, Bejna filed a petition for review of the BIA's decision in this court, pursuant to 8 U.S.C. § 1105a(a).
 
 II. ANALYSIS
 
 6
 Section 208 of the Immigration and Naturalization Act, 8 U.S.C. § 1158(a), gives the Attorney General the discretion to grant asylum to any alien deemed a "refugee," which is defined in the Act at 8 U.S.C. § 1101(a)(42)(A) to refer to an alien who is unable or unwilling to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815 (1992); INS v. Cardoza-Fonseca, 480 U.S. 421, 427-28 & n. 5, 107 S.Ct. 1207, 1211 & n. 5 (1987). A well-founded fear of prosecution has both a subjective and an objective component--i.e., the alien must demonstrate both that his fear of being singled out for future persecution is subjectively genuine and that there is objective evidence justifying his fear. Mitev v. INS, 67 F.3d 1325, 1331 (7th Cir.1995); Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir.1992). To obtain withholding of deportation requires an even stronger showing than that needed to be statutorily eligible for a discretionary grant of asylum, namely a "clear probability" that the alien will face persecution upon returning to his home country. INS v. Stevic, 467 U.S. 407, 424, 104 S.Ct. 2487, 2491 (1984). We accordingly will first address whether Bejna has made a sufficient showing to be eligible for a discretionary grant of asylum, for if he has not he has necessarily also failed to meet the standard for withholding of deportation.
 
 
 7
 The immigration judge found (and the BIA agreed) that Bejna did not meet the statutory definition of refugee, a factual determination that we review under the substantial evidence test, see Mitev, 67 F.3d at 1330, as opposed to the de novo reasonableness review we reserve for legal interpretations of the Act, see Zalega v. INS, 916 F.2d 1257, 1259 (7th Cir.1990), or our abuse of discretion review for a discretionary refusal to grant asylum, see Man v. INS, 69 F.3d 835, 837 (7th Cir.1996) (citing DeSouza v. INS, 999 F.2d 1156, 1158 (7th Cir.1993)). Under the substantial evidence standard, we must uphold the BIA's decision so long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). This means that we may not reverse unless the evidence in the record is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Elias-Zacarias, 502 U.S. at 481, 483-84, 112 S.Ct. at 815, 817 (citing NLRB v. Columbian Enameling & Stamping Co., 301 U.S. 292, 300, 59 S.Ct. 501, 505 (1939)).
 
 
 8
 Bejna has presented essentially two reasons to support his contention that he is a refugee eligible for a discretionary grant of asylum. The first concerns military service. Bejna completed his fifteen-month military obligation in 1977 and has been a reservist since then. With his application for asylum, Bejna submitted an uncertified document on plain stationery that purported to be a summons directing Bejna to report for military inspection at a date one month before he left for the United States. He also submitted a front-page article from the Chicago Tribune that reported Macedonia was recruiting reservists in order to defend against potential Serbian attacks on Macedonia's borders.
 
 
 9
 From this, Bejna claims that if he returns to Macedonia, he will be drafted into the Yugoslavian National Army and will be forced to fight in Bosnia-Herzegovina or Croatia. First of all, as the immigration judge noted, Bejna has presented no evidence whatsoever demonstrating that he would be forced to join any army other than Macedonia's or that he would be sent to fight anywhere but within Macedonia. In fact, the very newspaper article Bejna submitted indicates that reservists were being called up to defend Macedonia's borders, not to fight outside them in various regions of the Former Yugoslavia. Secondly, and most importantly, the law is clear that forced conscription generally will not amount to persecution for one of the five factors enumerated in 8 U.S.C. § 1158(a). See Elias-Zacarias, 502 U.S. at 482-84, 112 S.Ct. at 815-17; Rhoa-Zamora v. INS, 971 F.2d 26, 31 n. 2 (7th Cir.1992), cert. denied, 508 U.S. 906 (1993).
 
 
 10
 Bejna further claims that if he returns to Macedonia, he will be jailed for ten years for failing to obey the summons and report for military duty; at one point, he even testified that he had already been sentenced to ten years in prison. But Bejna has put forth no arrest reports, no court documents, no Macedonian laws against failing to report for inspection, no proof of anyone else being jailed for failing to report, nor any other specific evidence demonstrating that he might be jailed if he were to return to Macedonia. In fact, the summons directs him to report for an "inspection," not for military service, and it expressly indicates that he could have notified the military in the event he was unable to attend the inspection. All in all, the evidence in the record at best supports only that Bejna might be recruited to defend Macedonia's borders, which under Elias-Zacarias, 502 U.S. at 482-84, 112 S.Ct. at 815-17, and Rhoa-Zamora, 971 F.2d at 31 n. 2, does not amount to persecution that would render Bejna a refugee eligible for asylum protection.
 
 
 11
 Bejna's second argument in favor of asylum is that he has suffered past persecution--and that he fears continued persecution--from Serbians and Macedonians as a result of the fact that he is an Albanian. Bejna has testified that he (along with a host of other Albanian workers) was forced out of his factory job by Serbian management and that he has been mistreated on several occasions by Macedonian authorities. It is true that the newspaper and journal articles Bejna has submitted describe, and this court certainly recognizes the existence of, a climate in Macedonia where Albanians are often subject to harassment and discrimination at the hands of the country's other ethnic groups. Nevertheless, Bejna's testimony is rife with various contradictions and discrepancies concerning the frequency and severity of the alleged incidents. And even if what he describes was true, he has "failed to present specific evidence that his encounters with the government were of such a 'magnitude and frequency' that they would cause a reasonable person to fear being singled out for persecution, and to demonstrate that his fear of persecution pertains to him individually, rather than to the population generally." Sivaainkaran, 972 F.2d at 165 (emphasis and citations omitted).
 
 
 12
 Bejna argues instead that his mere status as an Albanian is sufficient to justify a fear of racial persecution in Macedonia and, thus, to warrant asylum. However, except in certain egregious circumstances where individuals by their mere membership in a particular racial or religious group face a significant risk of punishment or serious physical harm (examples include Jews in World War II occupied Europe or apostates likely to receive capital punishment in Iran, see Bostanipour v. INS, 980 F.2d 1129, 1131 (7th Cir.1992)), asylum normally cannot be made available to all members of a country's racial minority. See Bevc v. INS, 47 F.3d 907, 910 (7th Cir.1995) (denying asylum to a non-Serbian resident of Serbia even where some other non-Serbians had been victims of "ethnic cleansing"); Balazoski v. INS, 932 F.2d 638, 641-43 (7th Cir.1991 (denying asylum for a member of a pro-Albanian organization who would return to live in the Kosovo region of then-Yugoslavia). As we have explained:
 
 
 13
 [M]any countries across the globe [are] locked in a seemingly intractable ethnic civil war. But political turmoil alone does not permit the judiciary to stretch the definition of "refugee" to cover sympathetic, yet statutorily ineligible, asylum applicants. Immigration policy is the clear purview of the legislative branch, and Congress has adopted a policy of limited asylum eligibility....
 
 
 14
 That legal regime--in particular, the narrow definition of refugee--is no doubt driven by Congress' concern that a more lenient and compassionate policy would qualify the entire population of many war-torn nations for asylum.... Consequently, conditions of political upheaval which affect the populace as a whole or in large part are generally insufficient to establish eligibility for asylum.
 
 
 15
 Sivaainkaran, 972 F.2d at 165. Bejna has offered nothing to distinguish his fear of potential harassment from that of all Albanians in Macedonia, and thus the immigration judge's determination that Bejna did not demonstrate that he was a refugee, as that term is defined under the Act, was clearly supported by substantial evidence. As "clear probability" of persecution is an even more stringent showing, the immigration judge's finding that Bejna is not entitled to withholding of deportation is also bolstered by substantial evidence.
 
 
 16
 Bejna's petition for review is DENIED.