**Dimitar IVANOV and Elena Ivanov, Petitioners,**

v.

**John ASHCROFT, Respondent.**

No. 02–3207.

United States Court of Appeals, Seventh Circuit.

Submitted July 21, 2003.

Decided Aug. 4, 2003.

**472**

Before COFFEY, MANION, and ROVNER, Circuit Judges.

### ORDER

The Ivanovs moved to reopen their deportation proceedings to apply for asylum based on alleged changed circumstances in Bulgaria and to apply for protection under the Convention Against Torture ("CAT"), *see* 8 C.F.R. §§ 208.16(c) and 208.18(b)(2), after our affirmance of the decision of the Board of Immigration ("BIA") Appeals denying the petitioners' applications. *See Ivanov v. INS,* 9 Fed.Appx. 532 (7th Cir. 2001) (unpublished order). In the Board's denial of the motion, it found, *inter alia,* that the petitioners established neither changed conditions demonstrating their eligibility for asylum much less a prima facie case that they would face torture if deported. The Ivanovs have once again appealed.

We review the BIA's denial of a motion to reopen for an abuse of discretion, *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and the law is very clear that the motion may only be granted if the alien establishes changed circumstances based on new material evidence that was not available and, furthermore, which the alien "could not by the exercise of due diligence" have discovered earlier. *Krougliak v. INS,* 289 F.3d 457, 460 (7th Cir.2002); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). In support of their motion to reopen, the Ivanovs submitted a number of recent newspaper articles and other documents, which the BIA found illustrated the ongoing tensions between the government of Bulgaria and UMO–Ilinden *a political organization formed to promote the rights of Macedonians living in Bulgaria.* The BIA also found that the Ivanovs failed to present sufficient evidence of their membership in UMO–Ilinden, either at their original hearing or accompanying their motion to reopen.

Because we are of the opinion that the BIA's factual findings are supported by substantial evidence, we hold that the Board properly exercised its discretion in concluding that the alleged changed circumstances UMO–Ilinden faces failed to alter the Ivanovs' eligibility for asylum or establish a prima facie case for protection

under CAT. *See Man v. INS,* 69 F.3d 835, 837 (7th Cir.1995) ("[We] will not disturb the BIA's findings of fact if they are supported by reasonable, substantial, and probative evidence."). We AFFIRM.