**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELIDA MARICELA LAPOP-HERRERA; *et al.*, | No. 18-70825 |
| Petitioners, | Agency Nos. A206-886-589<br>A206-886-590<br>A206-886-591 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2019[**]
Pasadena, California

Before:  M. SMITH, MILLER, and COLLINS, Circuit Judges.

Melida Maricela Lapop-Herrera ("Lapop-Herrera"), a native and citizen of

Guatemala, seeks review of the 2018 decision of the Board of Immigration

Appeals ("BIA") denying her motion to reconsider a prior 2017 ruling in which the

BIA had affirmed the denial of her applications for asylum and withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2).

removal.[1]  Under section 242(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1), we have jurisdiction to review the BIA's order denying reconsideration.[2]  We review that order for abuse of discretion, although de novo review applies to the BIA's resolution of purely legal issues.  *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008).  We deny the petition for review.

A motion for reconsideration "must identify a legal or factual error in the BIA's prior decision."  *Ma*, 361 F.3d at 558; *see also* 8 C.F.R. § 1003.2(b)(1). Lapop-Herrera did not contend in her motion for reconsideration, and does not contend in her appellate brief, that the BIA's prior decision affirmatively misstated any fact.  She instead contends that reconsideration should have been granted because the BIA's 2017 ruling overlooked material evidence in the record that supported her claims and because that ruling was erroneous and contrary to law. These arguments are unavailing, and we find no abuse of discretion in the BIA's

---

[1] Lapop-Herrera's asylum application also applies, derivatively, to her two minor children.  Although Lapop-Herrera's opening brief also mentions in passing her claim for relief under the Convention Against Torture, she failed to raise that claim before the BIA or to present any argument on the point in her appellate brief.  We therefore decline to consider the issue.

[2] Lapop-Herrera did not file a separate petition for review of the underlying 2017 ruling.  As a result, that decision is not itself directly before the court.  *See Stone v. INS*, 514 U.S. 386, 393–95 (1995).  Nonetheless, our review of the BIA's order denying reconsideration necessarily requires us to examine the relevant aspects of the BIA's prior order.  *See Ma v. Ashcroft*, 361 F.3d 553, 557–58 (9th Cir. 2004).

denial of reconsideration.

Absent contrary indication in the BIA's decision, we presume that "'the BIA reviewed the specific findings of the immigration judge in light of the record.'" *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (quoting *Man v. INS*, 69 F.3d 835, 838 (7th Cir. 1995)). A mere failure by the BIA to "explicitly mention" an item of evidence in the record is not enough to rebut that presumption. *Id*. at 1096; *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("'[T]he [BIA] does not have to write an exegesis on every contention.'") (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). Given the extensive findings made by the Immigration Judge ("IJ") in the record reviewed by the BIA,[3] there was no abuse of discretion in rejecting reconsideration on the ground of overlooked evidence.[4]

Moreover, the BIA properly concluded that its prior 2017 decision denying relief was not factually or legally erroneous. To establish her eligibility for asylum

---

[3] The only evidentiary point that Lapop-Herrera contends was not discussed in the underlying specific findings of the IJ concerns the experience of one of her friends who also suffered domestic violence, but Lapop-Herrera did not raise this point before the BIA and therefore may not raise it in this court. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

[4] For the same reason, there was no due process violation in the BIA's consideration of the evidence and arguments on appeal. *Larita-Martinez*, 220 F.3d at 1095–96.

and withholding of removal, Lapop-Herrera had to show, *inter alia*, that she was a member of the "particular social group" that is the basis of her claim of persecution. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Assuming without deciding that Lapop-Herrera's proposed social group ("Guatemalan women unable to leave their domestic relationship") is cognizable under the INA,[5] we conclude that the BIA properly upheld the IJ's finding that Lapop-Herrera was not a member of that proposed group because she was able to leave the relationship.

Although we might have weighed the evidence differently were we the trier of fact, our review is limited to whether there is "substantial evidence" to support the agency's conclusion. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th

---

[5] In assuming *arguendo* that Lapop-Herrera's proposed particular social group was cognizable, the BIA applied the framework established in its precedential decision in *Matter of A-R-C-G-*, 26 I&N Dec. 388 (BIA 2014), which addressed a comparably defined proposed group. Under that decision, whether a woman is able to leave her domestic relationship turns on, among other things, any "religious, cultural, or legal constraints" that may preclude leaving, including "societal expectations about gender and subordination" or lack of police protection. *Id*. at 392–93. For purposes of deciding this petition for review, we likewise apply *Matter of A-R-C-G-*'s framework, and on the administrative record before us we have no occasion to address or decide whether *Matter of A-R-C-G-* erred in finding cognizable the sorts of proposed particular social groups covered by that decision. *Cf. Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) (overruling *Matter of A-R-C-G-*); *Grace v. Whitaker*, 344 F. Supp 3d 96 (D.D.C. 2018) (partially enjoining enforcement of *Matter of A-B-*), *appeal docketed sub. nom Grace v. Barr*, No. 19-5013 (D.C. Cir.); *cf. also Gonzales-Veliz v. Barr*, 938 F.3d 219 (5th Cir. 2019) (upholding *Matter of A-B-*, notwithstanding the *Grace* injunction).

Cir. 2017) (en banc). Under that standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In upholding the IJ's finding that Lapop-Herrera was able to leave her relationship with her former partner, the BIA noted that: (1) Lapop-Herrera was able to move away from her former partner, ultimately staying in Guatemala City with her sister; (2) she obtained a restraining order against her former partner; (3) although her former partner came to her sister's home on a few occasions, he was unable to get past building security and Lapop-Herrera was able to avoid direct contact with him and to remain in safety; and (4) there were no social constraints against Lapop-Herrera terminating her domestic relationship. In view of this record evidence, we are unable to say that any reasonable trier of fact would have been compelled to conclude that Lapop-Herrera was "unable to leave" her domestic relationship within the meaning of *Matter of A-R-C-G-*, 26 I&N Dec. at 393.

Lastly, the BIA properly held that Lapop-Herrera had failed to show any legal error in the 2017 decision. The record evidence recounted above amply distinguishes this case from *Matter of A-R-C-G-*, upon which Lapop-Herrera relied. Lapop-Herrera asks this court to extend the reasoning of that decision to encompass a broader proposed particular social group consisting of women who are not "freely" able to leave their relationships. This argument fails, because she

5

offers no legal support for such an expansion of the framework applied in *Matter of A-R-C-G-*. Moreover, because she did not raise this argument in her motion for reconsideration in the BIA, it is not properly before this court. *See* FED. R. APP. P. 28(a)(8)(A); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Accordingly, Lapop-Herrera's argument that successful physical separation is not enough to show that she was able to leave the relationship fails to identify any legal error.

**PETITION DENIED**.